UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-60112-RNS

ISAACA THORPE,

    Plaintiff,

v.

ARS ACCOUNT RESOLUTION
SERVICES,

    Defendant.
_____/

**JOINT STATUS REPORT IN COMPLIANCE WITH ORDER [DE 23]**

Plaintiff, Isaaca Thorpe, and Defendant, Healthcare Revenue Recovery Group, LLC, d/b/a ARS Account Resolution Services (jointly the "Parties") pursuant to this Court's Order entered May 11, 2022 **[DE 23]** file this Joint Status Report.

a) Have all defendants been served? If not, state the reasons.

   Yes, Defendant has been served.

b) Have all defendants responded to the complaint? If not, state the reasons.

   Defendant, ARS filed its Answer to Plaintiff's Complaint and asserted several affirmative defenses on April 18, 2022 **[DE 16].**

c) If this is a class action, has a motion for class certification been filed? If so, what is its status?

   No. This matter is not a class action.

d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?

   The parties have jointly selected Christopher E. Benjamin of Salmon & Dulberg, to mediate this matter. The parties have agreed to mediation on Friday,

    September 9, 2022, at 10:00 a.m., at 150 S. Pine Island Road, Suite 300, Plantation, FL 33324. **[DE 24]**.

e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (e.g., ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

    The parties have engaged in settlement negotiation; however, no agreement has been reached at this time. The parties will continue settlement negotiations up to and including mediation.

f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

    Defendant served its first Request for Production, Admissions, and Interrogatories on Plaintiff and Plaintiff served her responses on June 20, 2022. Plaintiff served her first Request for Production and Interrogatories on Defendant to which Defendant served its responses on June 28, 2022. Defendant set Plaintiff's deposition to take place on July 15, 2022. The Parties anticipate that discovery will be completed by the August 12, 2022 deadline.

g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

    **I.**    **Plaintiff's Claim**

Plaintiff asserts that Defendant negligently or willfully violated the FDCPA §1692e(8) by failing to flag her account as disputed with the CRAs Transunion and Equifax despite receipt of a written dispute of the subject debt for an amount of $110.00. The debt is related to services that Plaintiff received from Inphynet Contracting Services LLC. Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §1692e(8) by continuing to report the debt to credit reporting agencies, with the knowledge that Plaintiff disputed the debt and failing to report such dispute. According to the Complaint, Plaintiff sent

dispute correspondence to ARS on October 13, 2021, upon noticing the debt on her October 12, 2021 credit reports from TransUnion and Equifax. Plaintiff avers that she again pulled her credit reports from TransUnion and Equifax on November 29, 2021, and saw the subject debt was last reported by ARS on October 30, 2021, with no notes to reference that the tradeline was in dispute. Plaintiff contends that ARS had more than ample time to instruct the CRAs Transunion and Equifax that the tradeline was disputed.

## II.     Defendant's Defenses

Defendant asserts that it did not violate the FDCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses: (1) failure to state a claim upon which relief can be granted; (2) any allegations exceeding one year prior to the filing of the Complaint are barred by the FDCPA statute of limitations; (3) any violation of law or any damages suffered by Plaintiff, which ARS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and ARS is not liable; (4) any damages determined to be sustained by Plaintiff were not caused by ARS but were proximately caused or contributed to by the conduct of others for whom ARS is not responsible or liable; (5) Plaintiff's claims for relief are barred in whole or in part because ARS at all times acted in a reasonable manner and in good faith; (6) failure to mitigate damages; (7) any recovery of damages awarded to Plaintiff should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages; (8) FDCPA's *bona fide* error

defense; and (9) Plaintiff lacks sufficient injury harm or concrete harm to maintain Article III standing. **[DE 16]**.

### III. Summary of Contested Facts

1. Plaintiff is a consumer.

2. Defendant is a debt collector.

3. Defendant attempted to collect a debt from Plaintiff.

4. Defendant did not receive Plaintiff's correspondence dated October of 2021 as alleged in the Complaint.

5. Defendant reported the debt as disputed to the CRAs.

6. Defendant received correspondence from Plaintiff on April 28, 2022 notifying it that she no longer disputed the subject debt and instructing Defendant to remove the dispute comment from the account.

### IV. Summary of Known Issues

1. Whether Defendant engaged in an act or omission in violation of the FDCPA;

2. If so, (i) was the violation intentional, (ii) was it the result of a bonafide error, and (iii) did it occur despite the maintenance of procedures reasonably adapted to avoid any such error;

3. Whether Defendant communicated or threatened to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

4. and whether Plaintiff suffered an actual injury as a result of the alleged actions or inactions of Defendant.

### V. Pending Motions

None.

### VI. Estimated time for Trial

The Parties have requested a jury trial, which they estimate will take 2-3 days.

### VII. Unique Legal or Factual Aspects of the Case

The Parties are unaware of any such unique issues but shall bring same to the attention of this Court should any arise.

### VIII. Existence of Unique Issues Appropriate for Referral to Magistrate

The Parties are unaware of any such issues.

Dated: July 8, 2022.

Respectfully submitted,

| | |
|---|---|
| /s/ *Daniel Michael Brennan* | */s/ Ernest H. Kohlmyer* |
| Daniel Michael Brennan, Esq. | Ernest H. Kohlmyer, III, Esq., LL.M. |
| Florida Bar No. 43395 | Florida Bar No. 110108 |
| daniel@crlam.com | skohlmyer@shepardfirm.com |
| Credit Repair Lawyers of America | Shepard, Smith, Kohlmyer & Hand, P.A. |
| 22142 West Nine Mile Road | 2300 Maitland Center Parkway, Suite 100 |
| Southfield, Michigan 48033 | Maitland, FL 32751 |
| Telephone: 248-353-2882 | Telephone (407) 622-1772 |
| Facsimile: 248-353-4840 | Facsimile (407) 622-1884 |
| Attorneys for Plaintiff | *Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **July 8, 2022**, via the Clerk of Court's CM/ECF system. I further certify that the foregoing has been sent via electronic transmission to the following: Daniel Brennan, Esquire at daniel@crlam.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
SKohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, ARS*